## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIM WILLIAMS** | * | **CIVIL ACTION #** |
| | * | |
| v. | * | **DIVISION** |
| | * | |
| **HARTFORD CASUALTY** | * | **SECTION** |
| **INSURANCE COMPANY (in its** | * | |
| **capacity as an uninsured/underinsured** | * | **DISTRICT JUDGE** |
| **motorist carrier)** | * | |
| | * | **MAGISTRATE** |
| | * | |
| ********************************* | * | ********************************* |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, **KIM WILLIAMS**, citizen of the State of Louisiana, respectfully files this Complaint against the following Defendant, under the diversity jurisdiction of this Court.

## PARTIES

1. **KIM WILLIAMS**, Plaintiff, a person of full age of majority domiciled in the State of Louisiana and residing within the Eastern District of Louisiana.

2. **HARTFORD CASUALTY INSURANCE COMPANY (in its capacity as an uninsured/underinsured motorist carrier),** a foreign corporation

duly organized, incorporated, and existing under the laws of Indiana, with its principal place of business in Indianapolis, Indiana. Defendant is authorized to do and doing business in the State of Louisiana as a foreign insurer. Defendant may be served through its registered agent for service in Louisiana: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

3. This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, as set forth above, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because Defendant maintains minimum contacts in the State of Louisiana and the claim at issue arises out of Defendant's contacts in the State of Louisiana. Defendant is licensed to do and doing business in the State of Louisiana.

5. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claims stated herein occurred within this district and within the jurisdiction of this Court, and because the property that is the subject of this action is situated within this federal judicial district.

## FACTS

6. On or about **February 2nd, 2023,** an accident occurred on Levis Lane at the Fremaux Town Center in the Parish of St. Tammany, State of Louisiana. A 2011 Ford Crown Victoria owned by Xavier University of Louisiana and operated by **KIM WILLIAMS** was lawfully traveling southbound on Levis Lane. A 2003 Acura 2.3TL Type S owned and/or operated by REBECCA ALLEN was exiting the Fremaux Town Center heading eastbound towards Levis Lane. As REBECCA ALLEN approached the stop sign at the intersection of the Fremaux Town Center and Levis Lane, ALLEN attempted a left turn onto Levis Lane without properly braking at the stop sign. ALLEN then collided with the vehicle occupied by Petitioner, causing her severe and disabling injuries.

7. Police investigated the incident and determined REBECCA ALLEN to be at fault.

8. The sole and proximate cause of the above referenced accident was the negligence and fault of the Defendant, REBECCA ALLEN, which is attributed to but not limited to the following non-exclusive particulars:

  a) Failure to stop;

  b) Failure to yield;

  c) Failure to see what a reasonable driver should have seen;

    d) Failure to keep a good and careful lookout;

    e) Failure to maintain reasonable and proper control while operating the vehicle;

    f) Driving at a speed greater than was reasonable and prudent under the circumstances;

    g) Operating the vehicle in a careless and reckless manner without regard for the safety of others;

    h) Any and all other acts of negligence which may be proven at the trial of this matter.

9. As a result of the above referenced accident and negligence of REBECCA ALLEN, Plaintiff suffered personal injury and is entitled to recover such damages as are reasonable in the premises.

10. Upon information and belief, REBECCA ALLEN is uninsured/underinsured; and therefore unable to fully compensate Plaintiff, **KIM WILLIAMS**, for her damages.  At all relevant times, **KIM WILLIAMS** permissibly operated a vehicle owned by Xavier University of Louisiana and insured under a **HARTFORD CASUALTY INSURANCE COMPANY** policy of uninsured / underinsured motorist insurance that provided coverage to **KIM WILLIAMS** and the vehicle she was operating on the date of this accident. The

**HARTFORD CASUALTY INSURANCE COMPANY** policy in question provides coverage for the type of loss sued upon, and/or provides available med-pay coverage, thus rendering **HARTFORD CASUALTY INSURANCE COMPANY** liable to Plaintiff **KIM WILLIAMS**.

11. At all relevant times, **KIM WILLIAMS** operated the 2011 Ford Crown Victoria owned by Xavier University of Louisiana with the permission of Xavier University of Louisiana.

12. This diversity action invokes the substantive law of Louisiana.

## DAMAGES

13. As a direct and proximate result of REBECCA ALLEN's negligence, Plaintiff suffered the following injuries and damages:

   a) Physical pain and suffering – past, present and future;

   b) Mental pain and anguish – past, present and future;

   c) Loss of enjoyment and quality of life – past, present and future;

   d) Lost wages – past, present and future;

   e) Mental and physical disability and discomfort – past, present and future;

   f) Loss of earning capacity – past, present and future;

   g) Medical expenses – past, present and future;

  h)  Post-traumatic stress disorder;

  i)  Loss of consortium; and

  j)  Other elements of damages to be more fully set forth at the trial of this matter.

## **PRAYER**

14. Therefore, **KIM WILLIAMS** prays that Defendant be duly cited and served with a copy of this Complaint and, after all due proceedings are had, there be a judgment in favor of Plaintiff and against the Defendant in amounts as are reasonable in the premises, including but not limited to, past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, past and future medical expenses, and loss of enjoyment of life together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

15. Plaintiff prays for all general and equitable relief for which he is entitled.

16. Plaintiff has made reasonable demands upon Defendant.

Respectfully submitted,

/s/ Paul Mitchell
_____
BRIAN KING, LA. BAR #24817
JASON F. GILES, LA. BAR #29211
PAUL C. MITCHELL, III, BAR #36232
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Telephone:   504.909.5464
Facsimile:    800.901.6470
bking@kinginjuryfirm.com
jgiles@kinginjuryfirm.com
pmitchell@kinginjuryfirm.com